**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ARIE HALBERSTAM,** on behalf of himself and all other similarly situated consumers,<br><br>      Plaintiff,<br><br> **vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC.**,<br><br>      Defendants. | **Civil Action No.**<br>**1:15-cv-00807-JG-VMS**<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANTS , MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC AND ENCORE CAPITAL GROUP, INC.** |

AND NOW come Defendants, Midland Credit Management, Inc. ("MCM"), Midland Funding, LLC ("MF") and Encore Capital Group ("ECG") (collectively referred to as "Midland") by and through their undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and hereby submit this Answer with Affirmative Defenses to the Class Action Complaint of Plaintiff, Arie Halberstam ("Plaintiff"). In support thereof, Midland avers as follows:

**ANSWER TO INTRODUCTION**

1. Admitted in part and denied in part. Midland admits that Plaintiff has brought this action premised on claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and that Plaintiff alleges that Midland violated the FDCPA. Midland denies any liability or wrongful conduct under the FDCPA and specifically denies engaging in abusive, deceptive or unfair collection practices.

## ANSWER TO PARTIES

2. Admitted in part and denied in part. Midland admits, upon information and belief, that Plaintiff is a natural person. Midland is without sufficient knowledge, information or belief regarding whether Plaintiff resided in the State of New York at all relevant times relating to the claims in this action and, therefore Midland denies these allegations and leaves Plaintiff to his burden of proof.

3. Denied. Midland lacks sufficient knowledge, information or belief as to how Plaintiff incurred his debt obligation and, therefore, Midland denies Plaintiff's characterization of himself as a "consumer" as the term is defined in 15 U.S.C. § 1692a(3).[1] Midland denies the remaining allegations in this paragraph and leaves Plaintiff to his proofs.

4. Admitted in part and denied in part. Midland admits that MCM is the debt servicer for MF and that MCM collects debt for MF. Midland further admits that MCM, at times, engages in the collection of debt owed to another and, therefore, at times, is a "debt collector" as the term is defined in 15 U.S.C. § 1692a(6). Midland lacks sufficient knowledge, information or belief as to how Plaintiff incurred his debt obligation and, therefore, denies that MCM acted as

---

[1] Plaintiff cites 15 U.S.C. § 1692(a)(3), which does not exist; this is likely a scrivener's error and Midland responds as if Plaintiff cited to 15 U.S.C. § 1692a(3).

a "debt collector" as concerns Plaintiff's defaulted debt obligation.[2] Unless otherwise admitted, Midland denies the allegations in this paragraph.

     5.    Admitted. Midland admits that MCM is the debt servicer for MF, that it collects on debts for MF and that this activity is one of its principal areas of business.

     6.    Admitted. Midland admits that ECG is the parent company of MCM and MF.

     7.    Admitted in part and denied in part. Midland admits that MCM, MF and ECG maintain business offices in San Diego, California. Unless otherwise admitted, Midland denies the allegations in this paragraph.

     8.    Admitted in part and denied in part. Midland denies that ECG or MF engage in the collection of debts or are debt collectors subject to the FDCPA. Midland admits that, at times, MCM engages in the collection of debt for others and that it does so on a for-profit basis.

### ANSWER TO JURISDICTION AND VENUE

     9.    Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

     10.    Admitted in part and denied in part. Midland admits that MCM engages in business in this district. Midland denies that ECG conducts business in this district. Midland denies that MF engages in business in this district, except and exclusively through means of interstate commerce. To the

---

[2] Plaintiff cites 15 U.S.C. § 1692(a)(6), which does not exist; this is likely a scrivener's error and Midland responds as if Plaintiff cited to 15 U.S.C. § 1692a(6).

extent that the allegations in this paragraph constitute conclusions of law, Midland denies them as such. Midland refers all questions of law to the Court.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

11. Admitted in part and denied in part. Midland admits that MCM's records reflect that, in November of 2013, MCM began its efforts to recover on Plaintiff's valid and delinquent debt obligation in an amount in excess of $11,999, that was owed to MF. Midland denies these allegations to the extent that they are directed to either MF or ECG.

12. Admitted in part and denied in part. Midland admits that MCM's records reflect that MCM issued a collection letter to Plaintiff, dated November 27, 2013, in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation owed to MF. Midland denies these allegations to the extent that they are directed to either MF or ECG.

13. Admitted in part and denied in part. Midland admits that MCM's records reflect that MCM issued a collection letter to Plaintiff, dated November 27, 2013, in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation owed to MF. The MCM letter is a writing that speaks for itself and Midland denies the remaining allegations in this paragraph to the extent that they are directed to MCM. Midland denies these allegations to the extent that they are directed to either MF or ECG.[3]

14. Admitted in part and denied in part. Midland admits that MCM's records reflect that MCM issued more than six letters to Plaintiff in the course

---

[3] Neither ECG nor MF sent any letters to Plaintiff at any time as neither ECG nor MF engage in debt collection.

of its efforts to convince Plaintiff to pay his valid and delinquent debt. Midland denies these allegations to the extent that they are directed to either MF or ECG.

15. Admitted in part and denied in part. Midland admits that MCM did not apply accrued interest to the debt in the course of its efforts to collect the debt owed by Plaintiff. To the extent that these allegations are directed to MCM, Midland denies these allegations as MCM's letters are writings that speak for themselves. To the extent that these allegations are directed to MF or ECG, Midland denies that either MF or ECG issued any letters to Plaintiff or that they engaged in any debt collection activity. A factual basis for Plaintiff's information or belief is demanded of Plaintiff.

16. Denied. Midland denies that MCM's letters created a "false sense of urgency" to encourage Plaintiff to pay his debt obligation. To the extent that these allegations are directed to MCM, Midland denies these allegations as MCM's letters are writings that speak for themselves. To the extent that these allegations are directed to MF or ECG, Midland denies that either MF or ECG issued any letters to Plaintiff or that they engaged in any debt collection activity.

17. Denied. To the extent that these allegations are directed to MCM, Midland denies these allegations as MCM's letters are writings that speak for themselves. To the extent that these allegations are directed to MF or ECG, Midland denies that either MF or ECG issued any letters to Plaintiff or that they engaged in any debt collection activity.

18. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

19. Denied. Midland denies these allegations as they constitute conclusions of law. Midland refers all questions of law to the Court. Further responding, Midland avers that each collection letters that MCM sent Plaintiff prominently noted the exact amount due on Plaintiff's defaulted debt obligation as of the date of each MCM letter. Midland denies these allegations to the extent that they are directed to either MF or ECG.

20. Denied. Midland denies that MCM's letters could reasonably be read to have two or more different meanings, one of which was not true. Midland denies these allegations to the extent that they are directed to either MF or ECG.  Midland denies these allegations to the extent that they are directed to either MF or ECG.  A factual basis for these allegations is demanded of Plaintiff.

21. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Midland specifically denies that it violated the FDCPA and denies that either MF or ECG issue any letter to Plaintiff or otherwise engaged in debt collection activity.

22. Denied. Midland denies that its conduct could reasonably or rationally be deemed to have violated the FDCPA and further denies that injunctive or declaratory relief are available remedies under the FDCPA as a matter of well-settled and uniform case law.

## ANSWER TO CLASS ALLEGATIONS

23. Admitted in part and denied in part. Midland admits that Plaintiff is attempting to assert both an individual claim and a class action claim under Federal Rule of Civil Procedure 23. Midland denies that Plaintiff can maintain viable a individual claim, let alone a viable class action, against Midland.

24. Denied. Midland denies these allegations.

25. Admitted.

26. Denied. Midland denies that there are questions of law and fact that are common to the putative class which would predominate over issues involving only individual class members. Midland further denies the conclusory allegations as to the common questions of law and facts set out in the paragraph.

27. Denied. The averments of this paragraph are denied. Midland denies typicality as to the proposed class and a factual basis is demanded as to this claim.

28. Denied. Midland lacks sufficient information or belief as to the truth or falsity of the allegation that Plaintiff will fairly and adequately protect the interest of the putative class or that Plaintiff's counsel possesses the requisite experience to serve as class counsel.

29. Denied. Midland denies these allegations as class treatment is grossly inferior to individual treatment because establishing whether any putative class member of the proposed class can participate requires an individualized inquiry into each individual's claims. Additionally, class

treatment would create gross inequities to those subjected to the class, to the extent such a class could exist. See, *e.g.*, Hyderi v. Wash Mut. Bank, FA, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits."); see also 5 Moore's Federal Practice ¶ 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation ... a class action is less likely to be the superior method of proceeding"). Midland further responds that the class claims should be dismissed or withdrawn.

30.   Denied. Midland denies that its conduct could reasonably or rationally be deemed to have violated the FDCPA and further denies that certification of a class is appropriate.  Midland denies that certification is appropriate under Rule 23(b)(2) and denies that declaratory relief is an available remedy through the FDCPA, even in the context of a class action.

31.   Denied. Midland denies that there exist questions of law and fact which are common to the putative class that would predominate over questions affecting the individual members of the putative class. Midland further denies that certification of any class is appropriate.

32.   Denied. Midland denies that certification of any class is appropriate and further denies that injunctive relief is available under the FDCPA as a matter of well-settled and uniform case law.

33. Denied. Midland denies that certification of any class is appropriate and further denies that investigation and discovery will present one or more putative classes appropriate for certification.

### ANSWER TO FIRST CAUSE OF ACTION
### Alleged violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants

34. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Midland incorporates its responses to Paragraphs 1 through 33 as though fully set forth herein at length.

35. Admitted in part and denied in part. Midland admits that Plaintiff is attempting to assert claims on behalf of himself and a putative class but denies that it violated the FDCPA and denies that certification of any class is appropriate.

36. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. To the extent that a response is necessary, Midland denies that ECG or MF is a debt collector as a matter of law. Midland further denies that the collection letters at issue employed any false or deceptive practices or violated the FDCPA in any other way.

### Alleged violations of the Fair Debt Collection Practices Act

37. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. To the extent a response is necessary, Midland denies that it engaged in any

conduct that could reasonably or rationally be construed as violating the FDCPA.

38. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. To the extent a response is necessary, Midland denies that it violated the FDCPA and denies liability as to Plaintiff or any other person. Further, Midland denies that Plaintiff or any other person has incurred any damages, statutory or actual, as a result of the conduct of Midland.

39. Denied. Midland restates and reasserts its response to Paragraph 37 as if fully set forth herein at length.

40. Denied. Midland restates and reasserts its response to Paragraph 38 as if fully set forth herein at length.

## ANSWER TO PRAYER FOR RELIEF

Admitted in part and denied in part. Midland admits that Plaintiff prays for relief, which includes a request for preliminary and permanent injunctive relief, statutory and actual damages, attorney fees and litigation expenses and costs. Midland denies that Plaintiff is entitled to any such relief, on either an individual or class basis (to the extent Plaintiff seeks class relief) in the absence of any viable claim. Midland further denies that injunctive relief is available under the FDCPA as a matter of law.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part. Midland admits that Plaintiff has demanded a trial by jury for the claims in his Complaint. Midland denies that Plaintiff is entitled to a jury trial in the absence of a viable claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to plead a claim against Midland upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If Midland violated the FDCPA, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by Midland.

### THIRD AFFIRMATIVE DEFENSE

In the event Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action not per violation. *See Goodmann v. People's Bank, et al.*, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); *Clark v. Capital Credit*, 460 F.3d 1162 (9th Cir. 2006); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Miller v. Midland Funding*, 2008 WL 4093004 (C.D. Cal. 2008); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005);

*Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 926 (S.D. Ohio 2004); *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, *16 n.8, No: 03-CV-05850 (E.D. Pa., May 24, 2004); *Ganske v. Checkrite, Ltd.*, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 928 (D. Del. 1991); *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D. Or. 1981).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the purported conduct of Midland.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims are barred by applicable statute of limitations, Midland does not waive applicable statute of limitations upon any of the claims set forth in the Complaint and claims which could have been set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to show any violation of the FDCPA and therefore is not entitled to attorneys' fees or costs.

## SEVENTH AFFIRMATIVE DEFENSE

Midland did not violate 15 U.S.C. §1692e because they did not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Section 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

## EIGHTH AFFIRMATIVE DEFENSE

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and *material*. See *Gabriele v. Amer. Home Mort. Serv., Inc.*, 503 Fed. Appx. 89, 94 (2d Cir. 2012) (noting that other circuits and several district courts in the 2nd Circuit require materiality and collecting cases); accord *Okyer v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 518 (S.D.N.Y. 2013); *Fritz v. Resurgent Capital Servs., LP, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013); Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11-cv-1111-SRU, 2012 U.S. Dist. LEXIS 136408, 2012 WL 4372251, at *3-*4 (D. Conn. Sept. 24, 2012); *Lane v. Fein, Such and Crane, LLP,* 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011). "Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." *Hasbrouck v. Arrow Fin. Servs. LLC*, No. 1:09-CV-748-MAD-RFT, 2011 U.S. Dist. LEXIS 53928, 2011 WL 1899250, at *4 (N.D.N.Y. May 19, 2011). In the event that Midland is found to be liable for the identified letters (though liability is denied), and MCM's letters are

13

deemed to be misleading, the alleged misrepresentation could not be deemed to be material, even through the eyes of the least sophisticated consumer.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff owes MF in excess of $11,999. To the extent that Midland is obligated to the Plaintiff, Midland is entitled to a set off of the amount owed by Plaintiff to MF against any individual recovery by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. *See Dixon v. Golden-Masano-Bradley*, 228 Fed. Appx. 142, 143 (3d Cir. Pa. 2007) (dismissing FDCPA and FCEUA claims where the debt was not incurred for personal, family or household purposes); Anderson *v. AFNI, Inc.*, 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. 2011). As each debt arises out of unique set of transactions, each putative class member has the burden of proving his or her debt to be consumer in nature. Therefore, a class action is not appropriate for this claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that a class certification is granted, Plaintiff has failed to show that he is adequate to serve as a representative of the class.

### THIRTEENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

## FIFTEENTH AFFIRMATIVE DEFENSE

Declaratory or injunctive relief are not available remedies for claims under the FDCPA. *Sparkman v. Zwicker & Assocs., P.C.,* 374 F. Supp. 2d 293 (E.D.N.Y. 2005); see *Weiss v. Regal Collections,* 385 F.3d 337, 341-42 (3d Cir. 2004); *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) ("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices.... equitable relief is not available to an individual under the civil liability section of the Act"). Therefore, plaintiff's efforts to seek declaratory relief fails as a matter of law and that element of the prayer for relief should be withdrawn or dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

As the class definition is fatally flawed, Midland denies class certification is appropriate as the class included individuals that have waived their respective ability to participate in the class based on the express terms of their credit agreements. The waived of the ability to participate in a class action removes typicality and commonality and creates an unduly burdensome task of distinguishing each member of the putative class from a group of individuals that cannot participate in the class. Therefore, the class allegations should be withdrawn.

**WHEREFORE**, Defendants Midland Credit Management, Inc., Midland Funding, LLC and Encore Capital Group, Inc. respectfully request this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

New York, New York
Dated: April 20, 2015.

                                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

                    By:          /s/
                         Matthew B. Johnson (MJ 1622)
                         Attorneys for Defendants Midland Credit Management, Inc., Midland Funding, LLC and Encore Capital Group, Inc.
                         Wall Street Plaza
                         88 Pine Street, 21st Floor
                         New York, New York 10005
                         Ph: 212.376.6433
                         MBJohnson@mdwcg.com

TO:    Maxim Maximov, Esq.
         MAXIM MAXIMOV, LLP
         1701 Avenue P
         Brooklyn, NY 11229
         *Attorneys for Plaintiff*